Lewis Brown, plaintiff in error, *vs.* The State of Georgia defendant in error.

1. A request to charge on the subject of reasonable doubts, though

otherwise legal, is defective if the word "reasonable" be omitted therefrom, and should not be given.

2. Possession of the missing goods on the Sunday after the burglary the Friday night before, with clear proof-that the goods were taken from the store when broken and entered, and with no explanation of, or attempt to explain the possession by defendant, when arrested, and no proof of good character, is sufficient evidence of guilt of the burglary.

3. The fact that the store was left unbroken, with the goods in it, at sundown, and the next morning at sunrise was found broken and entered, and the goods gone—such store being on a street in a city—is sufficient proof that the burglary was committed at night.

Criminal law. Charge of court. Burglary. Before Judge HILL. Bibb Superior Court. April Term, 1877.

Reported in the opinion.

HARDEMAN & MASON, for plaintiff in error.

C. L. BARTLETT, solicitor general, by C. P. CRAWFORD, for the state.

JACKSON, Judge.

Lewis Brown was indicted for the offense of burglary at night. He was convicted, and moved for a new trial, which was refused, and he excepted.

The only grounds insisted on here as error, are that the court declined to charge as requested, and that the verdict was against law in that the possession of the goods, with the *corpus delicti*, or the fact that the house was broken open by some one, is not sufficient evidence to convict of the burglary, and that the evidence did not show the crime to have been committed at night.

1. The request was this: "If you are in doubt whether it was done in the day or in the night, and can't say which, you must find a verdict of not guilty." We presume that the court charged on the subject of *reasonable* doubts, and as this request to charge leaves out the word "reasonable," we see no error in declining to give it.

2. The defendant was found Sunday morning in possession of part of the property taken from the house which was broken open the Friday night previous, and when charged with the fact that the goods were taken from it, he simply said they were his, and gave no explanation at all as to his possession. On the trial of the case before the jury, he said in his statement that he bought them from a certain person, but did not prove it or account for the absence of the person. If, when arrested, he had made an explanation that he bought the overalls and clothing, and had proven good character, it might have relieved him; but the possession of the goods so soon after the house was broken open, totally unexplained, and with no offer to explain, we shall hold sufficient to convict him of the crime. We have expressed some doubts upon this principle, and there are some authorities which deny the sufficiency of the proof of bare unexplained possession; but when the facts that the goods were in the house on Friday evening, that it was broken into that night, and defendant was found in possession Sunday morning—scarcely two days afterwards—and he gave no explanation of the possession, are sufficiently established, we think that the evidence that he committed the crime which got the goods out of the house is satisfactory, whatever that crime may have been as shown by the *corpus delicti*, especially as no proof of good character was made by defendant. See, on this subject, 55 *Ga.*, 325; 53 *Ib.*, 567; 46 *Ib.*, 642; 48 *Ib.*, 505; 56 *Ib.*, 28, 314, 686; and *Houser vs. The State*, last term, pamph., page 51, where this point is virtually settled.

3. On the question whether it was burglary *at night*, the evidence is in our judgment also sufficient. The witness left the house in the evening at 5 o'clock, and returned in the morning at 7 o'clock—about sunset and sunrise, as it was winter—the house was a storehouse on a street in Macon; when he left, the house was all right and the goods there, when he returned, the window was broken into and the goods

gone. These facts carry almost irresistible conviction to the mind that the deed was done at night. See 48 *Ga.*, 505; 53 *Ib.*, 567; 58 *Ib.*, 78.

The judgment must, therefore, be affirmed.